**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1872**

GRACE UWAMAHORO,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  June 29, 2016          Decided:  July 6, 2016

Before SHEDD, AGEE, and KEENAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Mark A. Goldstein, GOLDSTEIN & ASSOCIATES, LLC, Pittsburgh, Pennsylvania, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Anthony P. Nicastro, Acting Assistant Director, Andrew N. O'Malley, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Grace Uwamahoro, a native and citizen of Rwanda, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's (IJ) order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  Uwamahoro contends that the IJ's adverse credibility finding is not supported by substantial evidence and that she was denied due process because of the IJ's extensive questioning during the hearing.  For the reasons set forth below, we deny the petition for review.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole.  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary.  8 U.S.C. § 1252(b)(4)(B) (2012).  Legal issues are reviewed de novo, "affording appropriate deference to the [Board's] interpretation of the [Immigration and Nationality Act] and any attendant regulations."  Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008).  We will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of

2

persecution." Elias-Zacarias, 502 U.S. at 483-84. Because the Board adopted and affirmed the IJ's decision, we review both decisions. Hernandez-Avalos v. Lynch, 784 F.3d 944, 948 (4th Cir. 2015).

We review an adverse credibility determination for substantial evidence and give "broad deference" to the IJ's credibility determination. Djadjou v. Holder, 662 F.3d 265, 273 (4th Cir. 2011). The IJ "must provide specific, cogent reasons for making an adverse credibility determination." Id. "The existence of only a few [] inconsistencies, omissions, or contradictions can be sufficient" to support an adverse credibility determination as to the alien's testimony regarding past persecution, even if not fundamental to the alien's claim. Id. at 273-74; Singh v. Holder, 699 F.3d 321, 328-29 (4th Cir. 2012). "An adverse credibility finding is generally fatal to an asylum claim unless the alien proves [her] refugee status through evidence independent of [her] own testimony." Hui Pan v. Holder, 737 F.3d 921, 930 (4th Cir. 2013).

We conclude that the adverse credibility finding in this case is based on specific and cogent reasons and supported by substantial evidence. Several of the inconsistencies concern the basis for Uwamahoro's past persecution claim. We also conclude that the record establishes that Uwamahoro did not

submit sufficient corroborating evidence that could rehabilitate her testimony.

Nor was Uwamahoro denied due process due to the IJ's questioning during the merits hearing. See 8 U.S.C. § 1229a(b)(1) (2012) ("The immigration judge shall . . . interrogate, examine, and cross-examine the alien and any witnesses."); see Sankoh v. Mukasey, 539 F.3d 456, 467 (7th Cir. 2008). Uwamahoro failed to show that the hearing was fundamentally unfair and that the IJ's questioning prejudiced the outcome of the case. Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008). Finally, in light of the adverse credibility finding, we conclude that the record does not compel a conclusion that Uwamahoro demonstrated that she was eligible for asylum, withholding of removal, or protection under the CAT.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED